*E-Filed 2/22/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CLINTON MARTIN, | No. C 10-2964 RS (PR) |
| Plaintiff, | **ORDER REOPENING ACTION;** |
| v. | **DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| RANDY GROUNDS, et al., | |
| Defendants. | |

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The complaint was dismissed owing to plaintiff's failure to file a timely application to proceed *in forma pauperis*. Plaintiff having filed a complete application, the action is hereby REOPENED. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that (1) defendant Leary, a registered nurse at Soledad State Prison ("SSP"), (2) defendant J. Chudy, chief medical officer, (3) Carlos, a registered nurse at SSP, and (4) J. Walker, an inmate-appeals coordinator, provided, or were allowed to provide, constitutionally inadequate medical care in treating plaintiff's injured hand. Liberally construed, plaintiff's claims against Leary and Carlos appear to state a claim for relief under § 1983.

Plaintiff's claims against J. Chudy and J. Walker, however, do not contain sufficient factual matter to state a claim to relief that is plausible on its face. It appears that plaintiff holds J. Chudy responsible for the actions of Leary and Carlos. Because there is no "pure" respondeat superior liability under section 1983, the requisite causal connection for section

1983 purposes may be established when an official sets in motion a "series of acts by others which the actor knows or reasonably should know would cause others to inflict" constitutional harms. *Preschooler II v. Clark Co. Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (citation removed).  In order to hold supervisors liable under § 1983, a plaintiff must show "(1) that he possessed a constitutional right of which he was deprived; (2) that the [named defendants] had a policy; (3) that the policy 'amounts to deliberate indifference' to [plaintiff's] constitutional right; and (4) that the policy is the "moving force behind the constitutional violation." *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations removed).  There also must be a "direct causal link" between the policy or custom and the injury, and plaintiff must be able to demonstrate that the injury resulted from a "permanent and well settled practice."  *Id.*, citing *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2002).  Plaintiff's conclusory allegations against J. Chudy do not meet these requirements.

Plaintiff's claims against J. Walker lack any specific factual allegations from which a claim can be construed.  It appears that plaintiff holds Walker responsible for the handling of his inmate appeals.  Such vague allegations are insufficient to state a claim for relief. Plaintiff must allege <u>specific</u> facts regarding a <u>specific</u> appeal pertaining to his medical issues, and link that <u>specific</u> appeal to a <u>specific</u> act or omission by Walker, rather than simply put forth vague, undetailed allegations.

Plaintiff names in the caption "Randy Grounds, Warden" as a defendant; yet, in the body of the complaint, plaintiff makes no allegations of any kind against Grounds.  If plaintiff wishes to bring claims against Grounds he must allege specific facts as to what acts or omissions Grounds allegedly committed that violated plaintiff's rights under § 1983.

In light of the foregoing, the complaint is DISMISSED with leave to amend.  Plaintiff shall file an amended complaint within 30 days from the date this order is filed.  The first amended complaint must include the caption and civil case number used in this order (10-2964 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page.

Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint <u>all</u> the claims he wishes to present and <u>all</u> of the defendants he wishes to sue, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), including the claims against Leary and Carlos. Plaintiff may <u>not</u> incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to reopen the action.

**IT IS SO ORDERED**.

DATED: February 22, 2011

RICHARD SEEBORG
United States District Judge